UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM RIVERA,

                         Petitioner,

      -against-

STATE OF N.Y.,

                         Respondent.

1:22-CV-6328 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated in the Five Points Correctional Facility, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his February 3, 2022, conviction in the New York Supreme Court, New York County. By order dated September 15, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court denies the petition without prejudice

**STANDARD OF REVIEW**

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the State, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

Petitioner alleges that he was convicted on February 3, 2022, in New York Supreme Court, New York County. He also alleges that he has appealed his conviction in the New York Supreme Court, Appellate Division, First Department, but that his appeal is pending.

## DISCUSSION

A.     **Exhaustion of state court remedies**

Before a petitioner can seek federal *habeas corpus* relief under 28 U.S.C. § 2254, that statute requires a petitioner to exhaust all of his available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas corpus* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if the State provides a procedure, a *habeas corpus* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before this Court may review a petition for a writ of *habeas corpus* brought under Section 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for the purpose of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by that court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest New York State court. N.Y. Crim. Proc. Law § 460.20; *see United States ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any collateral motions

in the trial court under Section 440 of the New York Criminal Procedure Law, and is unsuccessful, he must completely exhaust his remedies as to the claims in those motions by seeking leave to appeal to the Appellate Division. *See Ramos v. Walker*, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000).

Because Petitioner alleges that he has not fully exhausted his state court remedies (as he asserts that his direct appeal is pending), the Court denies the petition without prejudice as prematurely filed. After Petitioner has fully exhausted his state court remedies, he may file another Section 2254 *habeas corpus* petition in this court.[1]

**B.      Leave to amend is denied**

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.

## CONCLUSION

The Court denies this *habeas corpus* petition, brought under 28 U.S.C. § 2254, without prejudice as prematurely filed.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] The Court notes that there is a one year limitations period to bring a Section 2254 *habeas corpus* petition. *See* 28 U.S.C. § 2244(d)(1)(A)-(D), (2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Judgment shall issue.

SO ORDERED.

Dated:  September 28, 2022
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge